## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

KEVIN CHALLENGER,

      Plaintiff,

v.

MVM, INC.,

      Defendant.

Case No.: 3:18-CV-00078

**ACTION FOR DAMAGES**

**JURY TRIAL DEMANDED**

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiff, KEVIN CHALLENGER, by and through his undersigned counsel, Ryan W. Greene, Esq. and files his Second Amended Complaint against Defendant MVM, INC. and alleges the following:

### JURISDICTION AND PARTIES

1. This is an action for dismissal from employment without just cause and for alleged violation of the Americans with Disabilities Act.

2. Plaintiff's claims arises out of his employment relationship with Defendant MVM, Inc. which the Plaintiff contends has been terminated without just cause.

3. Plaintiff, Kevin Challenger, is an adult citizen and resident of St. Thomas, U.S. Virgin Islands.

4. The Defendant, MVM, Inc., is licensed to do business in the U.S. Virgin Islands, in which it conducts business.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, and in early August received a Notice of Right to Sue dated August 1, 2018.

**KEVIN CHALLENGER VS. MVM, INC. – CASE NO: 3:18-CV-00078**
Second Amended Complaint
Page 2

6. This Court has jurisdiction over this matter pursuant to 28 USC § 1331 and § 1343.

## BACKGROUND FACTS

7. Plaintiff began his employment with Defendant MVM, Inc. on or about June 2011 as a Protection Security Officer.

8. Prior to 2014, Plaintiff was seen by a doctor and was diagnosed with plantar fasciitis, heel spurs and asthma.

9. Following being diagnosed with plantar fasciitis, heel spurs and asthma, Plaintiff verbally and in writing requested reasonable accommodation at his workplace from the Defendant; the reasonable accommodations included the reduction of overtime hours, a request to the Defendant to obtain a comfortable chair to sit, a request to repair the air conditioning from blowing overhead and a request to be allowed to wear proper prescribed shoes, as prescribed by his physician.

10. Defendant repeatedly refused to honor Plaintiff's requests for reasonable accommodation.

11. Defendant, through its agents, was extremely hostile to Plaintiff regarding his disability.

12. Defendant continually harassed Plaintiff to not wear his proper prescribed shoes for his plantar fasciitis and heel spurs required by his doctor and requested by Plaintiff as part of his reasonable accommodation claiming that he could not wear those shoes but had to wear the Company issued boots.

13. Defendant also refused to permit the Plaintiff to not work overtime hours and instead ordered Plaintiff to work overtime due to Defendant being short staffed.

**KEVIN CHALLENGER VS. MVM, INC. – CASE NO: 3:18-CV-00078**
Second Amended Complaint
Page 3

14. On September 5, 2017, Plaintiff was evaluated by Lionel Mitchell, M.D. at Comprehensive Orthopaedic Global related to his plantar fasciitis and heel spurs. Dr. Mitchell at this visit provided Plaintiff with a note ordering that the Plaintiff must remain out of work until September 8, 2017 pending his healing process and may return back to work on September 11, 2017.

15. Plaintiff then provided the medical note of September 5, 2017 to Defendant on August 22, 2017. After Plaintiff provided the medical note, the Defendant questioned Plaintiff about the doctor's note and indicated that the doctor's release was insufficient and refused to accept the doctor's note.

16. Because of Defendant's refusal to accept the doctor's note, Defendant instructed Plaintiff to go home which resulted in the Plaintiff losing an additional four days of wages plus overtime.

17. Defendant failed to put Plaintiff on the schedule for work following Plaintiff providing the September 11, 2017 doctor's note.

18. Plaintiff inquired about working via Defendant's Human Resources Department but was told that he was not on the schedule because he allegedly failed to bring a proper doctor's note. Plaintiff emailed this doctor's letter to Human Resources but was not put back on schedule despite providing it to the Defendant.

19. Defendant through Plaintiff's Supervisor claimed that the Plaintiff needed a "fit for duty letter", but in the past the Defendant had been amenable to contacting the Plaintiff's doctor directly and Plaintiff had not had to submit any such "fit for duty letters" as now was a new "requirement" to return to work being improperly required of Plaintiff by

Defendant when in fact the Plaintiff had already provided the Doctor's Note stating that he was fit to return to work.

20. Plaintiff was employed with the Defendant, an was an employee subject to a Collective Bargaining Agreement, until his employment with the Defendant was wrongfully terminated without just cause or about September 2017 because the Defendant did not return him to the work schedule at that time notwithstanding the fact that he provided a valid note from a medical doctor plainly stating that he may return to work on September 11, 2017.

21. Defendant's claimed reasons for terminating the Plaintiff's employment were not true and did not constitute any justifiable reasons or just cause to terminate the Plaintiff's employment under the circumstances present in this case.

22. Defendant through their employees and agents participated in, ratified, authorized and/or approved at least the following employment decisions and/or actions pertaining to the Plaintiff's employment.

   a. The decision to terminate the Plaintiffs' employment without just cause, and in the alternative, as alternative grounds for relief, Plaintiff states that he was constructively discharged due to Defendant's conduct complained of herein;

   b. Telling the Plaintiff in 2017 that he was ineligible to return to work, but later changing position to claim that the Plaintiff is still employed with the Defendant; and

   c. In such other acts as will be proven at the trial of this matter.

23. Due to his complaints to the Defendant concerning the matters alleged and complained of herein, the Plaintiff was often assigned to work in the "control room", an area where the alarm would frequently go off all night, as well as assigned to areas where the air conditioning was constantly dripping on him and management hid the control for the air conditioning unit.

24. As a result, Plaintiff has suffered loss of income, loss of capacity to earn income, loss of benefits, lost wages, mental anguish, pain and suffering and loss of enjoyment of life, all of which is expected to continue into the foreseeable future.

## COUNT I
### Violation of the Americans with Disability Act

25. Plaintiff repeats and realleges the allegations set forth in paragraph 1 through 24 above as if set forth in full herein.

26. At all times material hereto, Plaintiff was an employee and Defendant his employer, covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA), 42 USC 12111(5)(a).

27. At all times material hereto, Plaintiff was and is an individual with a disability within the meaning of § 3(2) of the ADA, 41 USC 12102(2).

    Plaintiff is a qualified individual with a disability as that term is defined in the ADA, 42 USC 12111(8).

28. Plaintiff's plantar fasciitis, heel spurs and asthma are a physical impairment that substantially limits one or more major life activities.

29. Defendant was aware of Plaintiff's plantar fasciitis, heel spurs and asthma.

30. Defendant regarded Plaintiff's plantar fasciitis, heel spurs and asthma as a physical impairment that substantially limits one or more major life activities.

31. Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant's decision to harass, retaliate against, and then terminate his employment.

32. Plaintiff's disability and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant's decision not to place him in another position with Defendant.

33. Defendant was predisposed to discriminate on the basis of disability and/or record of a disability and/or perceived disability and acted in accordance with that predisposition.

34. As a direct and proximate result of Defendant's violation of Plaintiff's rights as alleged, Plaintiff's terms, conditions, and privileges of employment were adversely affected.

35. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, mental anguish, physical and emotional distress, humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of his choice.

**WHEREFORE**, Plaintiff prays for damages as they may appear, for punitive damages, if warranted by the facts, for costs and fees, including attorney's fees, pre-judgment interest, post-judgment interest, and for such other relief as the court deem fair and just.

Respectfully submitted,

Dated: November 16, 2018

*/s/ Ryan W. Greene*
Ryan W. Greene, Esq.
VI Bar No. 839
15-B Norre Gade
P.O. Box 1197
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00804
Telephone: (340) 715-5297
Fax: (888) 519-7138
ryan@ryan-greene.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of November 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following, and that I sent the filing to all non-filer users via U.S. Mail, postage prepaid:

Charles Engeman, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, LLC
1336 Beltjen Road
St. Thomas, VI  00802
Email: charles.engeman@ogletree.com

*/s/ Ryan W. Greene*